# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-1725

———————————————

D.C. and G.C.,

    Appellant,

    v.

IN RE: THE MATTER OF THE
ADOPTION OF N.L.W.,

    Appellee.

———————————————

On appeal from the Circuit Court for Santa Rosa County.
Darlene F. Dickey, Judge.

July 10, 2024

PER CURIAM.

D.C. and G.C., the maternal grandparents, appeal the trial court's order dismissing their petition to terminate the parental rights of Father to enable their adoption of the child. This Court employs a "highly deferential" standard when reviewing orders concerning the termination of parental rights. *Florida Dep't of Child. & Fams. v. M.H.*, 369 So. 3d 780, 785 (Fla. 1st DCA 2023) ("A trial court's finding that the evidence is clear and convincing enjoys a presumption of correctness and will be overturned only if clearly erroneous or lacking evidentiary support." (quoting *L.C. v. Dep't of Child. & Fams.*, 333 So. 3d 815, 817 (Fla. 1st DCA 2022))).

A finding of abandonment requires clear and convincing evidence that the parent abandoned the child, as defined in section

63.032.  § 63.089(3)(e), Fla. Stat.  And section 63.089(4) identifies additional factors for the trial court to consider when making an abandonment determination.  After a careful review of the record, we find the trial court did not abuse its discretion when finding that Father did not abandon the child by clear and convincing evidence.

AFFIRMED.

ROBERTS, WINOKUR, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Jessica L. Scholl and Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellee.